UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 12-77-JBC**

**MITZI KIRBY,**                                                                  **PLAINTIFF**

**V.**               **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**                       **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Kirby's appeal from the Commissioner's denial of her applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"). The court will grant the Commissioner's motion, R. 12, and deny Kirby's motion, R. 11, because substantial evidence supports the administrative decision.

At the date of her applications for DIB and SSI, Kirby was a forty-six-year-old female with a high-school-equivalent education who could communicate in English. AR 44. Prior to the alleged disability, she worked as a sales clerk, waitress and patient care coordinator/orderly. *Id.* She alleged disability beginning October 22, 2008, as a result of bipolar disorder, post-traumatic stress disorder, and panic attacks. AR 123, 127, 172. She filed her DIB and SSI applications on October 29, 2008. AR 123, 127. The claims were denied initially on January 7, 2009, AR 75-76, and on reconsideration on February 24, 2009, AR 77-78. After a hearing on September 15, 2010, Administrative Law Judge ("ALJ") Cam Oetter determined

1

that Kirby is not disabled under Section 1614(a)(3)(A) of the Social Security Act. AR 46. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1984); 20 C.F.R. § 404.1520, the ALJ determined that Kirby has not engaged in substantial gainful activity since the October 22, 2008, alleged onset date of disability, AR 40; that she has a severe impairment of a mood disorder, *id.*; that her impairments or combination of impairments did not meet or equal a listing in the listing of impairments, AR 41; that she had the residual functional capacity ("RFC") to perform work at all exertional levels restricted from a full range by a limitation to simple tasks with only occasional social interaction, AR 41-42, but that she cannot return to any of her past relevant work, AR 44; and that based upon her RFC, jobs exist in significant numbers in the national economy that she can perform, AR 44-45. The ALJ thus denied her claims for DIB and SSI on September 23, 2010. AR 45-46. The Appeals Council denied Kirby's request for review on January 10, 2012, AR 1-3, and she commenced this action.

Kirby challenges the ALJ's ruling on the following grounds: (1) that the ALJ failed to give appropriate weight to the opinions of the treating sources; (2) that the ALJ found that Kirby's mood disorder did not meet or equal a listing section; (3) that the ALJ did not send her for a consultative psychological examination; (4) that the ALJ made credibility finding adverse to Kirby; (5) that the ALJ failed to adequately develop her testimony; (6) that the hypothetical question did not include

her self-reported daily activities; and (7) that the Appeals Council failed to remand the case after receiving new, material evidence concerning her "disabled" status.

First, the ALJ properly weighed the opinions of the treating sources. Kirby alleges error on this point, but the only medical evidence she cites as having been ignored was from the Cumberland River Comprehensive Care Center from May and June 2007. AR 289-316. This evidence was dated some sixteen months before Kirby alleges she became disabled in October 2008. The staff indicated no more than moderately-low functioning in such areas as interpersonal functioning and cognitive/intellectual functioning. AR 313. Such restrictions appear compatible with the ALJ's findings. While Kirby asserts that the ALJ failed to refer to this report, in fact, the ALJ did discuss it in his decision. AR 43.

With regard to the evidence from the relevant time period that was before the ALJ, no treating or examining source identified the existence of more severe restrictions than those found by the ALJ, including the staff at the Bluegrass Regional Mental Health/Mental Retardation Board, AR 344-361, 364-367, and the staff at Fort Logan Comprehensive Care, AR 421. The ALJ's findings were essentially consistent with the opinions of psychologists Ed Ross and Ilze Sillers, the non-examining medical reviewers, each of whom indicated that Kirby would be moderately limited in such areas as maintaining attention and concentration for extended time periods, performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances and interacting

appropriately with the general public. AR 382-383, 400-401. Therefore, the ALJ did not err in this regard.

Second, the ALJ did not err in failing to find that Kirby's mental problems met or equaled the requirements of § 12.04 of the Listing of Impairments. The Listing is met when the requirements of both § A and § B are met or the requirements of § C are satisfied. 20 C.F.R. Chapter III, Part 404, Subpart P, Appendix 1 § 12.04. Kirby concedes that the record lacks evidence relating to the § C criteria. She asserts that the ALJ erred by failing to consider whether the § A requirements had been met. However, the Listing requires that both § A and § B must be satisfied. The ALJ clearly indicated reasons that § B was not met. AR 41. These findings were supported by the opinions of Ross and Sillers, the non-examining medical reviewers. AR 378, 396. If § B is not met, it does not matter whether § A, was satisfied, and the ALJ thus committed no error in failing to address this point. Kirby has also failed to present any arguments as to how the evidence before the ALJ supports a claim that the listing section had been equaled.

Third, the ALJ did not err by failing to send Kirby for a consultative psychological examination. The burden of providing a record complete enough for the ALJ to make a decision rests with the plaintiff. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). The Federal Regulations at 20 C.F.R. § 404.1517 allow but do not require the ALJ to send a claimant for such an examination. Here, the ALJ had access to treatment records from Bluegrass Mental Health and the medical reviewers; the record contained

4

evidence sufficient to support a decision on the merits of Kirby's claims. Therefore, no error exists.

Fourth, the ALJ did not err in evaluating Kirby's credibility. Kirby cites such factors as her long history of mental illness, her chaotic social life, and her history of six marriages, three of which were before the age of sixteen, as factors which support her claim of mental disability. However, despite these long-term problems, Kirby was able to function and work prior to her alleged onset date of October 22, 2008. These factors do not indicate why she would have been more impaired after this date than before it. The ability to work with a life-long impairment suggests that the impairment is not disabling. *See Auer v. Sec'y of Health & Human Servs.*, 830 F.2d 594, 595-596 (6th Cir. 1987). In assessing credibility, the ALJ is allowed to consider inconsistencies in the statements of a claimant. 20 C.F.R. § 404.1529(c)(4). The ALJ cited a number of such inconsistencies in the record with Kirby claiming that she did not leave her home, had no energy, and did not even bathe, AR 42, 208, but had managed to enter into a romantic relationship, AR 43, 211. Her mother reported that she lived with friends or family, cared for her dogs, cared for her personal needs, prepared meals, drove a car, shopped, watched television, read, used a computer, attended church and could follow short instructions. AR 43, 181-188. Records from Bluegrass Regional Mental Health revealed that in November 2008, during the relevant time period, her appearance, cognitive functioning and general behavior were within normal limits.  AR 43, 365. Therefore, the the ALJ dealt properly with the issue of Kirby's credibility.

5

Fifth, Kirby argues that the ALJ failed to adequately develop her testimony during the hearing. Kirby was not represented at the hearing. The ALJ explained her rights and asked whether she wished to proceed with the hearing or reschedule once she had obtained representation. AR 55. She chose to proceed. *Id*. The ALJ discussed with Kirby issues relating to evidence which had been submitted. AR 57-58. The ALJ inquired as to her age, educational status and vocational background, AR 59-60, and discussed issues relating to alcohol abuse, AR 61-62. The ALJ inquired about her living arrangements and financial status. AR 62-63, 66-67. Kirby noted her medications and talked about her history of panic attacks and depression. AR 63-64. She indicated having problems finding a doctor to treat her due to her financial status. AR 65. The mere fact that a claimant was not represented at a hearing is not grounds for reversal. *See Holden v. Califano*, 614 F.2d 405, 408 (6th Cir. 1981). A lack of representation and a relatively short hearing do not necessarily mandate a finding of an inadequate hearing. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986). Under these circumstances, the ALJ did not err.

Sixth, Kirby asserts that the hypothetical question did not fairly characterize her condition because the ALJ omitted several of her self-reported daily activities, but an ALJ is required to include only those restrictions he finds credible in the hypothetical question. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). The ALJ did not find Kirby's testimony to be fully credible. AR 42. The hypothetical question presented to Vocational Expert ("VE")

6

Stephen Cosgrove included such restrictions as limitations to simple and some detailed work procedures, to maintaining attention and concentration for two-hour periods during a normal workday prior to a break, to routine mental aspects and work-related decisions without supervision, to object-focused work environments in which she could maintain a regular schedule and tolerate co-workers and supervision, and to gradual changes in a typical work environment.  AR 69-70.  The limitations were noted to come from the report of Ed Ross, a medical reviewer.  AR 70, 382-385.  Kirby has failed to show that any treating or examining sources identified more severe mental limitations during the relevant time period.  Thus, the ALJ did not err.

Finally, exhibits from psychologist Melbourne Williams of Bluegrass Psychiatry were submitted directly to the Appeals Council and were never seen by the ALJ.  AR 11-34.  This action raises an issue concerning a remand for the taking of new evidence before the Commissioner.  *See Cotton v. Sullivan*, 2 F.3d 692 (6th Cir. 1993).  A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  42 U.S.C. § 405(g).  In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence.  *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).   The party seeking the remand bears

7

the burden of showing that a remand is proper under § 405. *See Willis v. Secretary of Health and Human Services*, 727 F.2d 551 (6th Cir. 1984). These exhibits were all dated after the September 23, 2010, date of the ALJ's final decision. They do not necessarily "relate back" to the relevant time period and are thus not material. Furthermore, Kirby has offered no explanation as to why this evidence was not presented to the ALJ in a timely fashion. While the records were not in existence prior to the ALJ's final decision, this by itself does not satisfy the good cause requirement, and a valid reason for failure to obtain the evidence must still be shown. *See Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). Therefore, a remand of the action for further consideration is not required.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Kirby's motion for summary judgment, R. 11, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 12, is **GRANTED**.

The court will enter a separate judgment.

Signed on December 28, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY